**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4448

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ALICIA GARCIA RIVERA,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:13-cr-00222-JCC-2)

Submitted:  February 12, 2015        Decided:  February 18, 2015

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph R. Conte, LAW OFFICE OF J.R. CONTE, P.L.L.C., Washington, D.C., for Appellant. Dana J. Boente, United States Attorney, Edward J. Reilly, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alicia Garcia Rivera appeals from her conviction for conspiracy to import heroin. She challenges the district court's denial of her motion to suppress evidence and the sufficiency of the evidence supporting her conviction. Finding no error, we affirm.

We first review Rivera's argument that the district court erred in denying her motion to suppress statements she made to agents of the Homeland Security Investigations and the Drug Enforcement Administration. We review factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). We may reverse for clear error only if "left with the definite and firm conviction that a mistake has been committed." United States v. Wooden, 693 F.3d 440, 451 (4th Cir. 2012) (internal quotation marks omitted). Because the district court denied the motion to suppress, we construe the evidence in the light most favorable to the Government, the party prevailing below. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013). We defer to the district court's credibility findings. United States v. Griffin, 589 F.3d 148, 150 n.1 (4th Cir. 2009). After reviewing the evidence, we determine that the district court did not err in denying the motion to suppress and affirm for the detailed

2

reasons stated by the court. United States v. Rivera, No. 1:13-cr-00222-JCC-2 (E.D. Va. Feb. 6, 2014).

Next, we address Rivera's challenge to the sufficiency of the evidence. Rivera moved under Fed. R. Crim. P. 29 for a judgment of acquittal. We review the denial of a motion for judgment of acquittal de novo. United States v. Strayhorn, 743 F.3d 917, 921 (4th Cir.), cert. denied, 134 S. Ct. 2689 (2014). A defendant challenging the sufficiency of the evidence faces "a heavy burden." United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013) (internal quotation marks omitted). The jury verdict must be sustained if "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (alteration and internal quotation marks omitted). Furthermore, "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." McLean, 715 F.3d at 137 (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's

failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

To convict Rivera of conspiracy to import heroin, the Government had to prove the following essential elements: (1) an agreement between two people to import heroin; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily participated in the conspiracy. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). Having reviewed the record, we conclude that Rivera's conviction was supported by sufficient evidence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED